...



FILED
MAR 25 2015
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 15-80014-CR-MIDDLEBROOKS

18 U.S.C. § 1623a

| UNITED STATES OF AMERICA | UNITED STATES DISTRICT COURT |
|---|---|
| vs. | FOR THE SOUTHERN DISTRICT OF ILLINOIS |
| MICHAEL ZARIC, | No. 15-CR-30043-NJR |
| Defendant | Rule 20 from SDFL |

## FACTUAL PROFFER (Stipulation of Facts)

If this case were to proceed to trial, the United States and defendant **MICHAEL ZARIC** agree that the United States would prove the following facts, by competent and admissible evidence, beyond a reasonable doubt:

1. The condominium complex known as Kensington at Royal Palm Beach was located in Palm Beach County, Florida.

2. Kensington Trust, LLC ("Kensington Trust") was a Florida limited liability corporation with its primary offices located in Miami-Dade County, Florida. In or about November 2007, Kensington Trust entered into an agreement with the owner of Kensington at Royal Palm Beach to purchase approximately 100 unsold condominium units in bulk for resale.

3. Kensington Trust marketed and sold condominium units at Kensington at Royal Palm Beach by utilizing multiple corporations and individuals who advertised and solicited buyers throughout the United States using methods which included internet advertising and word-of-mouth solicitations.

4. Kensington Trust offered incentives to buyers to purchase condominium units at Kensington at Royal Palm Beach, including payment of the buyer's down payment on the purchase price and closing costs (hereinafter referred to as "cash-to-close"), guaranteed rent and condominium fees for a specified period of time, and cash rebates.

5. Buyers of condominium units at Kensington at Royal Palm Beach financed their purchases by submitting loan applications to financial institutions and other lenders to obtain mortgages. Loan applications required borrowers to truthfully and accurately disclose certain information, including the source of the borrower's down payment and settlement charges, the amount of cash provided by the borrower, the amount of the borrower's closing costs paid by the seller, other real estate owned, and whether the condominium unit to be purchased would be used as the borrower's primary residence, secondary residence, or an investment property. This information was material to the decision of the financial institutions and other lenders to loan money to the borrower, the amount of any such loan, and the terms of the loan, such as the interest rate the borrower would pay. Other information material to the decision of the financial institutions and other lenders to loan money to the borrower included the true sale price and the type and amount of seller incentives.

6. An escrow agent conducted closings for sales of Kensington at Royal Palm Beach condominium units. The escrow agent was responsible for receiving and holding in trust in an escrow account mortgage loan proceeds from the financial institutions and other lenders that financed the purchases of condominium units, and disbursing those loan proceeds to parties to the transaction only after final approval by the financial institutions and lenders. The escrow agent was required to truthfully and accurately prepare and distribute to the financial institutions and

lenders a settlement statement, known as a "HUD-1," in preliminary form prior to the closing of escrow for review and approval, and in final form at the closing of escrow. The escrow agent was required to truthfully and accurately disclose on the estimated and final HUD-1 forms, among other information, the sales price, the closing funds provided by the borrower, and all of the seller's contributions. The escrow agent, the buyer, and a representative of the seller were required to attest to the truthfulness and accuracy of the HUD-1 by signing the form. At the closing of escrow, the escrow agent was also required to obtain from the borrowers and forward to the financial institutions and lenders executed documents, including mortgages and loan applications.

7. Defendant **MICHAEL ZARIC** was employed as a "Contract Coordinator Manager" for Broadmor Development, LLC, which operated a sales office located at the Kensington at Royal Palm Beach condominiums, and in that position, was aware of the Kensington Trust incentives, and received and maintained documents pertaining to the sale and financing of Kensington at Royal Palm Beach condominiums, including purchase and sale agreements, and preliminary and final HUD-1 forms.

8. Kensington Trust incentives, including payment of the buyer's cash-to-close, guaranteed rent and condominium fees, and cash rebates were not disclosed in the purchase and sale agreements, the HUD-1 forms, and other documents submitted to the financial institutions and other lenders that financed purchases of condominium units at Kensington at Royal Palm Beach.

9. On March 27, 2014, defendant **MICHAEL ZARIC** appeared as a witness to testify before Federal Grand Jury 13-03 in Miami, Florida, which was investigating fraud in the sale and financing of condominiums at Kensington at Royal Palm Beach, and was administered an oath to testify truthfully. Defendant **MICHAEL ZARIC's** knowledge of Kensington Trust incentives

was material to the grand jury's investigation. Defendant **MICHAEL ZARIC** did knowingly, and contrary to the oath, make materially false statements and declarations to the grand jury, in that the defendant testified that he was not aware that Kensington Trust was providing incentives to buyers of condominiums at Kensington at Royal Palm Beach, which, as he then and there well knew and believed was false, in that he was aware of the Kensington Trust incentives offered and provided to buyers to purchase condominium units at Kensington at Royal Palm Beach, and knew that the incentives had not been disclosed in the purchase and sale agreements and the preliminary and final HUD-1 forms submitted to the financial institutions and other lenders that financed purchases of condominium units at Kensington at Royal Palm Beach.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 3-20-15     By: _____
                      JOSEPH A. CAPONE
                      SPECIAL ASSISTANT U.S. ATTORNEY

Date: March 20/15       _____
                        SAMUEL MONTESINO
                        ATTORNEY FOR DEFENDANT

Date: 3/25/15           _____
                        MICHAEL ZARIC
                        DEFENDANT

4